# EXHIBIT D

Case No. 01-25-0004-6202
AMERICAN ARBITRATION ASSOCIATION

| | |
|---|---|
| STACCATO 2011, LLC, | § |
| STACCATO RANCH | § |
| TEXAS, LLC, AND NEVADA PF, LLC, | § |
| *Claimants,* | § |
| v. | § |
| ASHLEY SMITH, | § |
| *Respondent.* | § |

### Order on Respondent's Motion to Dismiss

As previously ordered, Respondent 's November 22, 2025 email in this case is being treated as a Motion to Dismiss. ("Motion to Dismiss") On December 10, 2025, Claimants filed their Response to the Motion to Dismiss. Respondent sent an email on December 9, 2025, also addressing the subject matters in her Motion to Dismiss. A preliminary hearing with Claimants' counsel and with Respondent, Pro Se, was held on December 11, 2025.  On January 16, 2026, Respondent filed her Response to Claimants' Response to her Motion to Dismiss.  On January 26, 2026, Claimants filed their Reply to Respondent's Submission on Arbitrability of Claims. ("Reply")  (Respondent objected to Claimants' filing of their Reply. I find such objection to be moot based on my ruling in this Order)

### Threshold Question: Arbitrability of Respondent's Claims

Having reviewed and considered Claimants' and Respondent's motions/emails, briefs, arguments, and legal authorities, I find that Respondent has raised the threshold question of arbitrability as to what she characterizes as her "EFAA" claims.

The Ending Forced Arbitration of Sexual Assault and Sexual Harassment Act of 2021, (EFAA), created a rare exception to the Federal Arbitration Act by invalidating mandatory arbitration clauses for pre-dispute sexual assault and sexual harassment claims.

Respondent argues that the question of whether the EFAA applies in this matter should be decided by a court and not an arbitrator. *See* 9 U.S.C. Section 402 (b).

The law also makes clear that courts — not arbitrators — have the authority to determine whether the EFAA applies and whether a pre-dispute arbitration agreement is enforceable. *See* 9 U.S.C. Section 402 (b).

Claimants argue that Respondent's sexual harassment "case" is hypothetical at this point, and thus there is not an EFAA case that needs a determination as to arbitrability.

Section 402 of the EFAA states:

(a) In General.

>Notwithstanding any other provision of this title, at the election of the person alleging conduct constituting a sexual harassment dispute or sexual assault dispute, or the named representative of a class or in a collective action alleging such conduct, no pre-dispute arbitration agreement or pre-dispute joint-action waiver shall be valid or enforceable with respect to a case which is filed under Federal, Tribal, or State law and relates to the sexual assault dispute or the sexual harassment dispute.
>
>(b) Determination of Applicability.
>
>An issue as to whether this chapter applies with respect to a dispute shall be determined under Federal law. **The applicability of this chapter to an agreement to arbitrate and the validity and enforceability of an agreement to which this chapter applies shall be determined by a court, rather than an arbitrator, irrespective of whether the party resisting arbitration challenges the arbitration agreement specifically or in conjunction with other terms of the contract containing such agreement, and irrespective of whether the agreement purports to delegate such determinations to an arbitrator.** (emphasis added)

Courts have thus held that the threshold question in these cases—whether the plaintiff's claim constitutes a "sexual harassment dispute" or "sexual assault dispute" that triggers the EFAA—is for the court, not an arbitrator.

Based on the plain language of Section 402(b), and case law precedent, I find that a court needs to decide whether Respondent's claims which she has filed in an EEOC charge, constitute a "sexual harassment dispute" or "sexual assault dispute" that trigger the EFAA.

Accordingly, this arbitration proceeding must be stayed pending a determination from a court of competent jurisdiction as to the arbitrability of Respondent's claims under the provisions of the EFAA.

_[signature]_                                                             01/28/2026

Susan P. Burton, Arbitrator                                       Date